Jose Miguel GARCIA–GUILLERN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 71–1538.

United States Court of Appeals, Fifth Circuit.

Nov. 4, 1971.

Rehearing Denied Nov. 29, 1971.

---

Louis Stoskopf, Martin S. Saxon, Miami, Fla., for plaintiff-appellant.

Robert W. Rust, U. S. Atty., Neal R. Sonnett, Asst. U. S. Atty., Miami, Fla., Murray R. Stein, Atty., Crim. Div., John L. Murphy, Chief, Administrative Regulations Section, Will Wilson, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

Jose Miguel Garcia-Guillern appeals from an order of the District Court dismissing his petition for the writ of habeas corpus. The judgment of the District Court is affirmed.

The present habeas corpus proceedings are the second stage of legal efforts of the appellant to avoid extradition to Peru. The first stage may be described as follows. On October 6, 1970, in the

appropriate District Court of the United States, Peru filed its complaint in extradition, seeking the return of Garcia-Guillern, a former Director General of the Ministry of Education in that Country, he being at the time a resident of Miami Beach, Florida, and there being a treaty on the subject between the United States and Peru proclaimed January 29, 1901 (31 Stat. 1921). The complaint averred that the appellant had been duly charged in Peru with the crime of embezzlement.

After a full hearing, 18 U.S.C., § 3184, the District Court issued an order and warrant for commitment, directing that the appellant be committed to the custody of the Attorney General of the United States to await the issuance of a warrant by the Secretary of State, authorizing his surrender to the Republic of Peru. In this order and warrant for commitment, the lower court found that there is a treaty in existence between the United States and the Republic of Peru providing that extradition shall be granted for embezzlement by public officers, that appellant is presently charged in Peru with that crime, and that the evidence presented at the hearing indicates that there is probable cause to conclude that the appellant committed that crime.

Before any action on these findings could be taken by the Secretary of State, the appellant renewed the litigation by filing his petition for the writ of habeas corpus in the District Court for the Southern District of Florida.

The District Court responded to this second stage of Garcia-Guillern's efforts to avoid extradition by finding that the committing court had jurisdiction, that there is competent evidence warranting the finding of probable cause, and that the appellant is presently charged in Peru with the crime of embezzlement by a public officer.

After notice of appeal was filed, the Secretary of State found that the appellant was extraditable and issued a surrender warrant. Appellant, however, filed a motion for and obtained a stay pending appeal to this Court (one judge dissenting).

It is now argued that the District Court erred in not discharging appellant from custody because: (1) by virtue of Article VII of the Treaty of Extradition between Peru and the United States of America the committing court was without jurisdiction, as the crime of embezzlement as charged had prescribed, (2) the proceedings should have been remanded to the committing court for consideration and determination of whether the claim of extradition was for any crime or offense of political nature or related thereto pursuant to Article VI of the treaty, (3) the decision of the committing court was not based on legal, competent and adequate evidence upon which the elements of the crime of embezzlement must have been legally established, (4) appellant would be charged and tried in Peru for other crimes wholly distinct and unrelated to the crime of embezzlement as set forth and charged in the original extradition complaint, and (5) the evidence did not warrant the conclusion that the appellant was ever properly or legally charged with the alleged crime in accordance with the extradition treaty. He asks us to annul the surrender warrant issued by the State Department and to discharge him from the extradition proceeding.

■ Habeas corpus review of the findings of a court which conducted an extradition hearing is extremely limited. Under existing law, such review includes only (1) whether the magistrate had jurisdiction, (2) whether the evidence showed a reasonable ground to believe the accused guilty, and (3) whether the offense charged was within the treaty. See, Fernandez v. Phillips, 268 U.S. 311, 45 S.Ct. 541, 69 L.Ed. 970 (1925); Jimenez v. Aristeguieta, 5 Cir., 1962, 311 F.2d 547; Wacker v. Bisson, 5 Cir., 1965, 348 F.2d 602.

Appellant does not contend that the District Court which ordered his commitment was not authorized to conduct

an extradition hearing. Nor does he contend that the said court lacked jurisdiction over his person. Hence, there is no question as to the jurisdiction of the committing court. Gallina v. Fraser, 177 F.Supp. 856 (D.Conn.1959), affirmed 2 Cir., 1960, 278 F.2d 277, cert. denied 364 U.S. 851, 81 S.Ct. 97, 5 L. Ed.2d 74 (1960).

▮ The existence of probable cause or, in other words, the existence of a reasonable ground to believe the accused guilty of the crime charged is essential to the issuance of a commitment. Appellant contends that the evidence submitted to the committing court was not sufficient to establish such probable cause and as a result the offense with which he is charged cannot be certified as "extraditable". In Re Gonzalez, 217 F.Supp. 717 (S.D.N.Y., 1963). We see, however, that the competent evidence of a criminal violation is sufficient to have justified appellant's apprehension and commitment for trial. The function on habeas corpus is to determine whether there is any competent evidence tending to show probable cause. The weight and sufficiency of that evidence is for the determination of the committing court. Merino v. United States Marshal, 9 Cir., 1963, 326 F.2d 5.

▮ Though not stated in so many words, appellant contends that the offense with which he is charged is not within the treaty, because he is, in effect, being charged with a political offense, which is not extraditable under the terms of the treaty. A political offense under the extradition treaties, must involve an "uprising" or some other violent political disturbance. Moreover, the act in question must have been incidental to the occurrence in order to

justify the exclusion, In Re Gonzalez, supra, 217 F.Supp. at 721. The status of the offense committed, whether a political offense or not, is to be determined by the circumstances attending the alleged crime at the time of its commission and not by the motives of those who subsequently handle the prosecution, Ramos v. Diaz, 179 F.Supp. 459 (S.D.Fla., 1959).

▮ No evidence was placed in the record showing that the offense with which appellant stands charged was committed in the course of or incidental to an "uprising" or some other violent political disturbance. Therefore, the political offense exclusion as set forth by Article VI of the treaty in question cannot be applied to this case.

With respect to appellant's contention that upon his return to Peru he will be charged with, and tried for, other crimes distinct and unrelated to the offense with which he is now charged, we are not at liberty to speculate that the Republic of Peru will not recognize and live up to the obligations subsisting between it and the United States. Neither are we permitted to inquire into the procedure which awaits the appellant upon his return. Gallina v. Fraser, supra, 177 F.Supp. at 867, 278 F.2d at 78. Such matters, so far as they may be pertinent, are left to the State Department, which ultimately will determine whether the appellant will be surrendered to the Peruvian Government.

▮ Because of the limits upon review by habeas corpus of a finding of international extraditability, none of the other contentions of the appellant are discussed in the disposition of this appeal.[1] A writ of habeas corpus cannot be

---

1. Appellant contends that Article VII of the treaty requires that the law of the State of Florida be applied in determining whether the crime has prescribed. Article VII reads as follows:
   "The extradition will not be granted in virtue of this treaty if the legal proceedings, or the application of the law for the crime committed has prescribed according to the laws of the country receiving the petition."

The District Court found that appellant's contention was not appropriate for consideration in a habeas corpus proceeding and that even if such contention were so appropriate, it would not present grounds for relief because the applicable period of limitation in this case is five years, 18 U.S.C., § 3282. A treaty is an agreement between two nations and the statutes of limitations of the various states of the United States should not be

used to hear for a second time the findings of the court which conducted the initial hearing. As has been said very often, habeas corpus cannot take the place of a writ of error, Fernandez v. Phillips, supra, 268 U.S. at 312, 45 S.Ct. 541.

The petition for an order vacating and voiding the surrender warrant is denied. The order of the District Court dismissing the petition for the writ of habeas corpus is

Affirmed.

used to interfere with obligations under a treaty if the crime has not prescribed according to the federal statute of limitations. Especially so, if the meaning of the language used in the treaty is as clear as it seems to be here. The appellant offers no cases in support of his position and only cites us to an article written in 1935 which, if read closely, lends him no support.

Appellant's contention that he has never been properly or legally charged with a crime in accordance with the treaty is also not appropriate for consideration. A petition for the writ of habeas corpus is not to be used as a means for rehearing what a committing court has already decided. In any event there is no merit to his contention. At the hearing before the committing court there was testimony to the effect that appellant had been charged with a crime. A provisional arrest warrant had been issued requiring the appearance of the appellant before a Peruvian Court and in addition, the Supreme Court of Peru has declared that the extradition of the appellant is lawful.

Assuming *arguendo*, that review by habeas corpus of these two points of error is appropriate, they do not furnish this Court with any basis for a reversal of the order entered by the District Court dismissing the petition for writ of habeas corpus.