United States Court of Appeals,

Fifth Circuit.

No. 93-2229.

Thomas LUDECKE and Stephan Vogt, Petitioners-Appellants,

v.

U.S. MARSHAL, Respondent-Appellee.

March 7, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before DUHÉ and EMILIO M. GARZA, Circuit Judges, and BLACK,[1] District Judge.

DUHÉ, Circuit Judge:

In extradition proceedings, a magistrate judge found probable cause to extradite Thomas Ludecke and Stephan Vogt ("Petitioners") to the Federal Republic of Germany. Petitioners applied for a writ of habeas corpus challenging the magistrate judge's finding of probable cause. Petitioners argue that the deposition of Richard Gilbert was admitted in violation of the authentication and certification requirements of the United States-Federal Republic of Germany Extradition Treaty. Petitioners also challenge the reliability of the Gilbert deposition and contend that the magistrate judge improperly rejected their rebuttal evidence. The district court denied habeas relief on all grounds. We affirm. We also deny Appellant's motion requesting return of original documents to the court.

Habeas corpus review of a magistrate judge's extradition order is limited to determining whether the magistrate judge had jurisdiction, whether the offense charged is within the treaty, and "whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Fernandez v. Phillips,* 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925); *Escobedo v. United States,* 623 F.2d 1098, 1101 (5th Cir.) (quoting *Fernandez* ), *cert. denied,* 449 U.S. 1036, 101 S.Ct. 612, 66 L.Ed.2d 497 (1980). The facts that the magistrate judge had jurisdiction and that the offense is within the Treaty are uncontested. At issue here is probable

[1]Chief Judge of the Southern District of Texas, sitting by designation.

cause, that is, whether there existed reasonable ground to believe the accusedsguilty of the crime charged. "[O]ur function "is to determine whether there is any competent evidence tending to show probable cause.' " *Escobedo,* 623 F.2d at 1102 (quoting *Garcia-Guillern v. United States,* 450 F.2d 1189, 1192 (5th Cir.1971), *cert. denied,* 405 U.S. 989, 92 S.Ct. 1251, 31 L.Ed.2d 455 (1972)).

## I.

Petitioners first challenge the competency of a key piece of evidence, the deposition of Richard Gilbert, as evidence of probable cause, maintaining that it did not originate with the German government, did not bear the signature of a German judge and did not travel through diplomatic channels as is required by the Treaty, articles 14, 15 and 29.

The Gilbert deposition was not filed with the original extradition request submitted to the magistrate judge in November 1992, but rather was filed a couple of months later, in January 1993. Through bureaucratic inefficiencies admitted by government counsel, the State Department apparently lost its original Gilbert deposition and a certified duplicate original was filed. Article 14 of the Treaty requires that a request for extradition and any subsequent documents "be transmitted through the diplomatic channel." Treaty concerning Extradition, June 20, 1978, U.S.-F.R.G., art. 14(1), 32 U.S.T. 1487, 1496. Article 15 requires that if the United States considers the evidence insufficient to fulfill the requirements of the Treaty, that it "shall request the submission of necessary additional evidence," implying that the United States shall not itself supply the additional evidence. *Id.* art. 15(1), 32 U.S.T. at 1499.

Though Petitioners complained that the record did not reflect either that the German government intended the Gilbert deposition to be attached to the extradition request or that the deposition travelled through the diplomatic channel, the magistrate judge disagreed with both complaints. Her conclusions were based on the fact that the original certification of the U.S. Minister Counselor for Consular Affairs in Bonn, Norman A. Singer, dated October 28, 1992, appeared on the duplicate original Gilbert deposition, identical to the consulate certification of the same date on the other filings comprising the extradition package. The certification, which appeared on three ribbon-bound sets of papers comprising the extradition package, certified

that the annexed appears, being the warrant of arrest ... and other documents proposed to be used upon an application for the extradition from the United States of Thomas LUDECKE and Stephan VOGT, charged with the crime of fraud alleged to have been committed in the Federal Republic of Germany, are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes by the tribunals of the Federal Republic of Germany....

1 Supp.R. 381, 344, & 271. The magistrate judge also considered an affidavit from a State Department official who declared that

The documents submitted by the Government of the Federal Republic of Germany with the note in support of its extradition request were certified on October 28, 1992, by Norman A. Singer, Minister-Counselor for Consular Affairs at the United States Embassy in Bonn.... Mr. Singer at the time was the principal consular official of the United States in the Federal Republic of Germany.

1 Supp.R. 71. The fact that the deposition was ribbon-bound and certified by the same person on the same date and in a manner identical to the other items of the package supports the inference that the American Embassy received the Gilbert deposition from the German Government together with the other extradition documents and that they all travelled through the diplomatic channel at the same time. And indeed the magistrate judge inferred from this evidence that the deposition originated with the requesting country, that the German government intended the deposition to be part of the extradition package, that a ribboned original deposition was sent to the State Department for filing, and that the deposition met the Treaty requirements. 7 Supp.R. 7, 10-13. These findings, supported by ample circumstantial evidence, defeat Petitioners' complaint that the deposition did not travel through diplomatic channels and did not originate with the requesting state.[2]

As for the objection that the deposition did not bear the signature of a judge or competent officer, the magistrate judge found that a German judge signed the arrest warrant which was "part of the package" with the Gilbert deposition. 7 Supp.R. 17-18. The certification requirement in the Treaty provides as follows:

A warrant of arrest and depositions or other evidence ... shall be admitted in evidence in the

[2]We are unimpressed with Petitioners' argument that the statement of counsel was improperly received as "evidence" that the Gilbert deposition was submitted through the diplomatic channel. The magistrate judge apparently accepted the Assistant U.S. Attorney's explanation for the late filing of the deposition, namely that original sent to the State Department had been lost. The magistrate judge also independently found that the duplicate original deposition was properly certified and that all the documents came from Germany at the same time. 7 Supp.R. 7-13.

examination of the request for extradition when:

> a) In the case of a request emanating from the Federal Republic of Germany, they are signed by a judge or competent officer, are authenticated by the official seal of the Federal Minister of Justice and are certified by the competent diplomatic or consular officer of the United States in the Federal Republic of Germany....

Treaty, art. 29, 32 U.S.T. at 1511. We find no error in the magistrate judge's conclusion that this signature was sufficient to satisfy the requirements of article 29. Her conclusion is consistent with the "familiar rule that the obligations of treaty should be liberally construed"[3] to effect their purpose, namely, the surrender of fugitives to be tried for their alleged offenses. "The obligation to do what some nations have done voluntarily, in the interest of justice and friendly international relationships, ... should be construed more liberally than a criminal statute or the technical requirements of criminal procedure." *Factor v. Laubenheimer,* 290 U.S. 276, 298-99, 54 S.Ct. 191, 197, 78 L.Ed. 315 (1933) (citation omitted). We have not read article 29 narrowly to require that each and every document in an extradition package be certified by the consular officer; nor will we read it narrowly to require that each individual document bear the signature of a German judge. Article 29 of the treaty requires only that "they"—meaning the entire group of documents—bear the appropriate certifications and signatures.

## II.

After the magistrate judge found probable cause to extradite Petitioners, documents comprising the extradition record were forwarded to the State Department. Copies of those documents are filed in the record of this habeas proceeding. 1 Supp.R. 73-382. Our copies reflect which documents were ribboned and which bore the seal and signatures of the consular officer or a German judge. It is not disputed that the two ribboned sets of documents first filed with the magistrate judge to commence the extradition proceeding did not contain the Gilbert deposition. Nor is it disputed that the ribboned original Gilbert deposition filed later was certified by the consular

---

[3]*Escobedo,* 623 F.2d at 1104 (quoting *Valentine v. United States ex rel. Neidecker,* 299 U.S. 5, 10, 57 S.Ct. 100, 103, 81 L.Ed. 5 (1936); *see also Escobedo,* 623 F.2d at 1104 (n. 16 (quoting J.G. Hawley, *Law and Practice of International Extradition,* 41-42 (1893)) (by overruling merely technical objections, magistrate judges appropriately prevent a failure of justice and a failure of the purposes of extradition).

official on the same date as the other documents.  These are the facts on which the magistrate judge's ruling was based.  Accordingly, we find it unnecessary to require the United States to return to the court's file the original documents and deny Petitioners' motion to that effect.

## III.

Petitioners next complain that, even if the Gilbert deposition were admissible, it is not competent evidence to support a finding of probable cause because Mr. Gilbert was not warned of the penalty of perjury.  Mr. Gilbert swore to tell the truth but was not warned of any penalty of perjury.  A "deposition[ ] or other evidence, given on oath or in a manner described in Article 14(5)" is admissible in evidence in extradition proceedings if it satisfies the authentication and certification requirements of article 29 discussed above.  Treaty, art. 29, 32 U.S.T. at 1511.  A deposition not given under oath is admissible if it meets the additional requirement that it be given under penalty of perjury.  *See* Treaty, art. 14(5), 32 U.S.T. at 1498 (witness's statement in writing *not* under oath shall be admitted as though under oath if witness was warned that false or misleading declaration would render him liable to punishment).  Because of this indication from the plain language of the Treaty that a sworn statement is admissible without a perjury warning, we will not expand the reasoning of *United States v. Jackson,* 818 F.2d 345 (5th Cir.1987), to contradict the Treaty.  *Compare* Treaty, art. 29, 32 U.S.T. at 1511 (deposition under oath "shall be admitted"), *with Jackson,* 818 F.2d at 348-50 (arrest warrant failing to demonstrate sworn informant's veracity, reliability, or source of knowledge lacks indicia of reliability necessary to establish probable cause for warrant).

## IV.

Petitioners finally complain that their evidence in opposition to the request for extradition negated and obliterated all the allegations made by the German government in its extradition package. The district court found, and we agree, that the magistrate judge gave due consideration to the evidence submitted by the Petitioners.  The magistrate judge agreed to review Petitioners' evidence, denying the United States Government's motion to strike their evidence.  7 Supp.R. 32-33.  Our function on habeas review is not to determine the weight and sufficiency of evidence;  it is only to determine whether competent legal evidence supports a finding of probable cause.  *See Escobedo,*

623 F.2d at 1102; *Garcia-Guillern,* 450 F.2d at 1192; *see also Collins v. Loisel,* 259 U.S. 309, 314-16, 42 S.Ct. 469, 471-72, 66 L.Ed. 956 (1922). Because she considered and did not exclude Petitioners' evidence, the magistrate judge could not have violated the principles regarding admission of evidence discussed in *Collins.*

V.

In conclusion, the Gilbert deposition was properly admitted before the magistrate judge, and she did not err by admitting Petitioners' evidence. With the Gilbert deposition, there is reasonable ground to believe the accused guilty. Habeas relief was appropriately denied.

AFFIRMED; motion requesting return of original documents DENIED; stay of extradition LIFTED.