# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50921

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2014

Lyle W. Cayce
Clerk

JUANITA ERNESTINA SANCHEZ QUINTANILLA,

Petitioner - Appellant

v.

UNITED STATES OF AMERICA,

Respondent - Appellee

----------------------------------------------------------------------------

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

JUANITA ERNESTINA SANCHEZ QUINTANILLA,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-611

Before PRADO, OWEN, and GRAVES, Circuit Judges.

No. 14-50921

PER CURIAM:*

Pursuant to 18 U.S.C. 3184 and the extradition treaty between the United States and Mexico, a magistrate judge issued two orders certifying that Petitioner-Appellant Juanita Sanchez is eligible for extradition to be prosecuted on charges of kidnapping, "organized crime" and "criminal association." Sanchez filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 challenging that certification,[1] which the district court denied on August 25, 2014. The district court also denied Sanchez's motion for a stay of extradition. Sanchez has appealed the denial of her habeas corpus petition to this court. She now moves for a stay of extradition pending resolution of that appeal. We DENY the motion for a stay.

In determining whether to grant a stay, we consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). "The first two factors of the traditional standard are the most critical." *Id.* at 434. More than a mere possibility of success on the merits is required. *Id.*

Although we assume that extradition while an appeal of the denial of habeas corpus is pending would constitute irreparable harm, a stay is not warranted because Sanchez has not demonstrated a likelihood of success on the merits of her appeal. *See Demjanjuk v. Meese*, 784 F.2d 1114, 1118 (D.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] A petition for habeas corpus is the proper method of seeking review of an order certifying extradition. *See Balzan v. United States*, 702 F.3d 220, 223 n.3 (5th Cir. 2012).

No. 14-50921

Cir. 1986) (finding that "imminent extradition . . . may qualify as a threat of irreparable harm" but denying stay because petition "fails to demonstrate a likelihood of success on the merits"). "Habeas corpus review of a magistrate's certification order is quite narrow." *Balzan v. United States*, 702 F.3d 220, 223 (5th Cir. 2012) (quotation omitted). Review is limited to: (1) whether the magistrate had jurisdiction; (2) whether the offense charged is covered by the treaty; and (3) whether there was "any evidence" warranting the magistrate's finding of probable cause that the accused is guilty of the charged offense. *See id.*; *see also Fernandez v. Phillips*, 268 U.S. 311, 312 (1925); *Garcia-Guillern v. United States,* 450 F.2d 1189, 1191-92 (5th Cir. 1971).

Sanchez argues that she is likely to succeed on the merits because the charged offenses fail the "dual criminality" requirement of the treaty. Article 2 of the treaty makes an offense extraditable if it could be punished under the laws of both countries with over a year of imprisonment. Treaty of Extradition, U.S.-Mex., art. 2, May 4, 1978, 31 U.S.T. 5059 (hereinafter "Treaty of Extradition"); *see also Wright v. Henkel*, 190 U.S. 40, 58 (1903) (noting that the "general principle of international law" is that the charged offense in an extradition case "must be considered a crime by both parties"). The dual criminality requirement "does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of the liability shall be coextensive, or, in other respects, the same in the two countries. It is enough if the particular act charged is criminal in both jurisdictions." *Collins v. Loisel*, 259 U.S. 309, 312 (1922). To succeed on this argument, Sanchez must establish that the charged conduct of planning and carrying out kidnappings with at least two other persons would not establish crimes of kidnapping or conspiracy under state or federal law. *See id.*

The treaty specifically lists kidnapping, child stealing, abduction and false imprisonment as extraditable offenses. Treaty of Extradition, Appendix,

3

No. 14-50921

31 U.S.T. 5059. Sanchez raises no challenge to the district court's thorough comparison of the factual bases of the Mexican charges with federal and Texas kidnapping statutes, nor to its conclusion that there are "obvious similarities" between federal and Texas state criminal statutes forbidding kidnapping and aggravated kidnapping, *see* 18 U.S.C. § 1201 (prohibiting kidnapping for ransom, including conspiracy to commit kidnapping, and providing for up to ten years of imprisonment); Tex. Penal Code § 20.03 (prohibiting abduction of another person); Tex. Penal Code § 20.04 (prohibiting kidnapping, including, *inter alia*, kidnapping for ransom), and the Mexican criminal kidnapping statutes under which Sanchez is charged. Instead, Sanchez points to some differences between the Mexican "organized crime" and "criminal association" statutes she is charged under, and United States and Texas statutes regarding conspiracy. For example, it is not clear that the Mexican "organized crime" and "criminal association" statutes require an overt act, which would be required under federal law or Texas law. However, whether or not the Mexican statutes at issue generally require an overt act, it is likely enough for purposes of extradition that one has been charged—here, at the very least, the district court found that Sanchez is alleged to have provided safe houses for the kidnappings—sufficient to constitute a crime under United States and Texas law. *See Collins,* 259 U.S. at 312 ("It is enough if the *particular act charged* is criminal in both jurisdictions." (emphasis added)). Thus, Sanchez has not established that she is likely to succeed on her argument that the charged conduct is not considered a crime by both Mexico and the United States.

Next, Sanchez argues that she is likely to succeed on the merits because there is insufficient evidence of probable cause. Certification of eligibility for extradition requires a finding of probable cause that the accused committed the charged offense. *See Balzan*, 702 F.3d at 223; *Garcia-Guillern,* 450 F.2d at 1192; *Fernandez,* 268 U.S. at 312. Probable cause is "the existence of a

4

reasonable ground to believe the accused guilty of the crime." *Garcia-Guillern*, 450 F.2d at 1192.  "The function on habeas corpus is to determine whether there is any competent evidence tending to show probable cause. The weight and sufficiency of that evidence is for the determination of the committing court." *Id.*; *see Balzan*, 702 F.3d at 223.  Here, both the magistrate judge and the district court carefully and thoroughly reviewed the evidence supporting probable cause, which included statements from the kidnapping victims and statements from Sanchez's alleged accomplices, who implicated Sanchez in helping to plan and carry out specific kidnapping offenses.  It is of no moment that the evidence was documentary rather than live testimony.  *See* 18 U.S.C. § 3190; *Escobedo v. United States*, 623 F.2d 1098, 1103-04 (5th Cir. 1980). Given this evidence, Sanchez has not established that she is likely to succeed on her argument that there was no evidence supporting the finding of probable cause.

Because we conclude that Sanchez has not met her burden to establish a strong likelihood of success on the merits, the motion for a stay pending resolution of the appeal is DENIED.