**Harold Norman HILL, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 83–5512.**

United States Court of Appeals, Eleventh Circuit.

July 26, 1984.

Theodore J. Sakowitz, Federal Public Defender, Kenneth E. Cohen, Asst. Federal Public Defender, Charles Auslander, Miami, Fla., for petitioner-appellant.

Stanley Marcus, U.S. Atty., Linda Collins Hertz, Ted E. Bandstra, Asst. U.S. Atty., Miami, Fla., for respondent-appellee.

Before HENDERSON and CLARK, Circuit Judges, and ATKINS *, District Judge.

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. The scope of habeas corpus review of a magistrate's order of extradition is quite narrow. It is limited to a determination of "whether the magistrate had jurisdiction, whether the offense charged is within the treaty and ... whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Fernandez v. Phillips*, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970, 973 (1925).

2. Hill was indicted in Canada on the following charges:

PER CURIAM:

■ This is an appeal from the denial of habeas corpus relief from an order of extradition. Pursuant to a request from the government of Canada, a United States magistrate held an extradition hearing and found that the petitioner, Harold Hill, should be extradited to Canada to answer charges of violations of that country's criminal statutes. Recognizing the unavailability of a direct appeal from the magistrate's decision, Hill filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] in the United States District Court for the Southern District of Florida, seeking review of the magistrate's order of extradition. The district court concluded that the extradition proceedings had been conducted within the bounds prescribed by the applicable treaty between the United States and Canada. Finding no error, we affirm.

Hill was indicted in Canada on four drug-related counts and one count of making false statements.[2] Pursuant to a reciprocal extradition treaty between the United States and Canada, 27 U.S.T. 983, TIAS 8237, Canada sought the extradition of Hill on all five charges. The applicable treaty provides in pertinent part that:

When the [extradition] request relates to a person who has not yet been convicted, it must also be accompanied by a warrant of arrest issued by a judge or other judicial officer of the requesting State and by such evidence as, according to the

(a) conspiring to import a narcotic substance contrary to Section 423(1)(d) of the Criminal Code of Canada and Section 5 of the Narcotics Control Act;
(b) conspiracy to traffic in cannabis contrary to Section 423(1)(d) of the Criminal Code of Canada and Section 4 of the Narcotics Control Act;
(c) conspiracy to traffic in methaqualone contrary to Section 423(1)(a) of the Criminal Code of Canada and Section 34(1) of the Food and Drug Act;
(d) giving false evidence at a judicial proceeding contrary to Section 120 of the Criminal Code of Canada; and
(e) making a false affidavit contrary to Section 122 of the Criminal Code of Canada.

laws of the requested State, would justify his arrest and committal for trial if the offense had been committed there, including evidence proving the person requested is the person to whom the warrant of arrest refers.

*Id.* at § 9(3).

In accordance with the treaty, Canada supplied an arrest warrant and evidence substantiating all the offenses. After a hearing, a United States magistrate determined that the warrant was valid and the evidence sufficient to support four of the five charges.[3] Accordingly, Hill was ordered extradited on the four substantiated charges.

In his habeas corpus petition, Hill does not challenge the sufficiency of the proffered evidence or the legal validity of the arrest warrant. Rather he contends that the arrest warrant does not conform to the treaty's provisions and therefore is not a proper warrant to support his extradition. Hill predicates this argument on two alternative grounds, both of which are rooted in the language of the warrant which specifies only that "HAROLD HILL ... unlawfully did conspire ... to commit an indictable offence to wit: import a narcotic, namely cannabis marijuana contrary to section 5(1) of the Narcotics Control Act, thereby committing an offence contrary to Section 423/1/d of the Criminal Code of Canada. And whereas [he] FAILED TO APPEAR IN COURT." Warrant of Arrest, Exhibit A, Record at 9.

Hill claims first that the warrant was issued only for his failure to appear in court and since this is not an offense for which Canada is seeking extradition, or even may seek extradition under the treaty, the warrant is invalid. We dismiss this argument readily. The warrant states on its face that it was issued primarily for Hill's participation in the drug conspiracy which is clearly an extraditable offense under the terms of the treaty.

In the alternative, Hill maintains that because the arrest warrant alleges only one of the five offenses for which extradition is sought, he may be extradited for that named offense alone. Again this contention lacks merit. Section 9(3) designates a "warrant of arrest issued by a judge or other judicial officer of the requesting state." These words cannot be read as an implicit requirement of a warrant containing all the extraditable charges. The warrant *may* specify all the charges if the requesting country so chooses, but it *need* refer to only one.[4] Accordingly, the warrant complied in all respects with the treaty's terms.

The judgment of the district court is AFFIRMED.

---

3. The magistrate found the evidence to be sufficient for extradition only on the first four drug-related charges. Additionally, he noted that making a false affidavit is not an extraditable offense under the treaty.

4. Our holding does not mean that extradition may be effected without first furnishing enough evidence to sustain the warrant. Section 9(3) clearly requires the requesting state to supply supporting evidence justifying extradition for each crime. If the evidence supporting any offense is deficient, the magistrate is obligated to refuse extradition on that charge.