**In re Jennie Cheng NA–YUET, a/k/a Hortensia Nolan, Petitioner,**

**v.**

**Willard J. HUESTON, Daniel J. Horgan, Edwin Meese, Defendants.**

No. 87–2236–CIV.

United States District Court, S.D. Florida.

April 18, 1988.

Donna Bucella, Asst. U.S. Atty., Miami, Fla., for petitioner.

Ted Klein, Fine Jacobson Schwartz Nash Block & England, Miami, Fla., for defendants.

## ORDER GRANTING REHEARING AND REMANDING CASE TO THE MAGISTRATE

HASTINGS, District Judge.

THIS CAUSE comes before the Court on Motion for Rehearing or Remand to Magistrate. Petitioner Jennie Cheng Na–Yuet ("Na–Yuet") was arrested on July 28, 1987, pursuant to a warrant issued upon the request of the British Crown Colony of Hong Kong. Following an extradition hearing, Magistrate William Turnoff entered a Certification and Order of Extraditability finding sufficient evidence to sustain the charge of Forcible Taking or Detention (kidnapping) filed by the government of Hong Kong and probable cause to believe that petitioner had planned and committed the offense. Thereafter, a petition for Writ of Habeas Corpus was filed[1] challenging the certification of the documents requesting extradition. On March 30, 1988, this Court denied the petition. Na–Yuet now seeks a rehearing or remand to the Magistrate on the basis of newly discovered evidence and various discrepancies in the warrant of arrest and the Order of Extradition.[2]

■ As this Court underscored in it prior order denying habeas relief, review of a magistrate's order of extradition is extremely limited. *Hill v. United States,* 737 F.2d 950 (11th Cir.1984). Of course, under certain circumstances a remand is proper. *See U.S. ex rel. D'Amico v. Bishopp,* 286 F.2d 320 (2d Cir.1961), *cert. denied* 366 U.S. 963, 81 S.Ct. 1924, 6 L.Ed.2d 1254 (magistrate's failure to make proper findings as to sufficiency of the evidence warranted remand); *Jhirad v. Ferrandina,* 536 F.2d 478, 485–86 (2d Cir.1976) (discussing the propriety of a remand to the magistrate in a habeas corpus setting); *compare Peroff v. Hylton,* 563 F.2d 1099 (4th Cir.1977) (new trial not warranted on basis of newly discovered evidence because of ample evidence supporting finding of probable cause). The motion before the Court is directed at the facts warranting the finding that there was reasonable ground to believe the accused guilty, in light of the new evidence.[3]

■ The "findings" contained in an order of extraditability are not true findings of fact, as that term is generally understood. Rather, they "serve only the narrow function of indicating those items of submitted evidence on which the decision to certify extraditability is based." *Caplan v. Vokes,* 649 F.2d 1336, 1342 n. 10 (9th Cir. 1981). Moreover, it appears from the record of Na–Yuet's extradition proceeding that the Magistrate adopted verbatim the findings and proposed certification order drafted by counsel for the government. With this backdrop, and because this petition is in effect a review of that order, the Court's scrutiny of the findings is more deliberate than it would be ordinarily. *See Id.* at 1344 n. 14.[4]

---

1. A certification of extraditability is not a "final order", and no direct appeal lies from that decision. Review is therefore available only by a petition for habeas corpus. *Collins v. Miller,* 252 U.S. 364, 369, 40 S.Ct. 347, 349, 64 L.Ed. 616 (1920).

2. This Court's ruling on the newly discovered evidence renders it unnecessary to consider whether petitioner's failure to raise these discrepancies at her extradition hearing would be fatal to her request for rehearing or remand.

3. This area is one of only three which a district court may properly review in a habeas petition. The court can additionally consider "whether the magistrate had jurisdiction, [and] whether the offense charged is within the treaty...." *Hill* at 951 n. 1, *citing Fernandez v. Phillips,* 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925).

4. In *Caplan,* the Ninth Circuit undertook greater care to review the findings because they were prepared by counsel for the government and were "replete with detail but unilluminating as to its meaning." *Caplan* at 1344 n. 14. The extraditability order in this case was also prepared by the government, but it contains no such particularity and states little more than the conclusions reached by the magistrate. Thus, by comparison, the Magistrate's order here sheds even less light. Like the order in *Caplan,* however, it does not approximate "clear and concise findings that reflect the actual thinking of the committing judge." *Id.*

In addition to a limited scope of review, *Hill, supra,* the Court is also mindful that the evidence need not be sufficient to convict, but merely enough to establish probable cause to believe the petitioner is the individual guilty of the crime charged, *Fernandez v. Phillips,* 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1922). Thus, it follows that a motion for rehearing would be looked upon with disfavor.[5] While these rules of law may govern the Court's analysis, they can not be applied talismanically thereby foreclosing all avenues of relief. It is fundamental to this Court that a petitioner seeking relief from extradition must be afforded the opportunity to proffer evidence that is discovered subsequent to the denial of habeas relief. However, the parties did not present, and the Court's research did not reveal, any case discussing the standard to be utilized in reassessing an order of extradition, on the basis of newly discovered evidence.[6] The lack of a discernable standard, however, does not translate into a rule which provides every petitioner with a rehearing on the plain allegation that evidence is newly discovered and explanatory in nature.

In *Application of D'Amico,* 185 F.Supp. 925, 930 (S.D.N.Y.1960),[7] on a motion for rehearing, the district court considered the sufficiency of the evidence supporting probable cause on the basis of evidence that had not been previously presented.[8] D'Amico had been found extraditable as an accomplice of a kidnap and robbery. The evidence against D'Amico was primarily documentary in nature and included recanted confessions of accomplices implicating him. Evidence was also presented that the victim had been allegedly held in a shack located on property owned by D'Amico. In support of a rehearing, D'Amico offered evidence explaining that although he did own the shack and the land, it was in an isolated area, seven or eight miles from his home, and rarely visited by anyone. *Id.* at 929. The court found that if this fact was established, the evidence against D'Amico would consist solely of documentary recanted confessions of alleged accomplices. *Id.* at 930. The district court concluded that there was "at the least grave doubt on the present record as to whether there was any evidence warranting a finding that there were reasonable grounds to believe D'Amico guilty of the crime charged." *Id.*[9]

In *Peroff v. Hylton,* 563 F.2d 1099 (4th Cir.1977), the petitioner was found extraditable to Sweden for participation in a fraudulent stock scheme. He asserted newly discovered evidence purportedly showing that the principal witness against him was actually the perpetrator of the fraud. Nonetheless, the court found this evidence only tended to impeach the testimony of witnesses and did not overcome the evidence "amply support[ing] the original finding of probable cause to believe that Peroff participated in the crimes

5. In *Application of D'Amico,* 185 F.Supp. 925, 930 (S.D.N.Y.1960), the court concluded that because of the limited scope of review, habeas corpus in extradition proceedings does not afford rehearings. *Id.* at 927. Notwithstanding, the district court reopened the petition and granted a rehearing in light of "evidence not previously offered ... bearing on [ ] extraditability", finding that "technical objections" would not be permitted to stand in the way of the assessment of the evidence. *Id.* at 926, 927.

6. In other areas of the law, a final decision may be reconsidered in light of newly discovered evidence. *See e.g.,* Fed.R.Crim.P. Rule 33 (governing motion for new trial in light of new evidence); *U.S. v. Champion,* 813 F.2d 1154, 1171 (11th Cir.1987); (discussing applicable standard under a Rule 33 motion); 8 C.F.R. § 3.2 (governing the reopening of deportation proceedings in light of new evidence); *Sanchez v. I.N.S.,* 707 F.2d 1523 (D.C.Cir.1983) (discussing applicable standard for reopening of deportation proceedings).

7. *Appeal dismissed, U.S. ex rel. D'Amico v. Bishopp,* 286 F.2d. 320 (2d Cir.1961), *cert. denied* 429 U.S. 988,

8. In this respect, Na–Yuet is in a better posture than was petitioner D'Amico because her evidence is purportedly "newly discovered" rather than having been merely disregarded at the extradition hearing.

9. The court also questioned whether the Commissioner had in fact made a probable cause determination because of inconsistency in the language of the order. *Id.* at 931.

charged." *Id.* at 1101.[10]

■ The court in *D'Amico* was extremely persuaded by the proffered evidence because it created a "grave doubt" as to the sufficiency of the underlying facts which formed the basis of the finding of probable cause. In contrast, the court in *Peroff* found substantial evidence to support extradition even after considering the newly discovered evidence. Central to the court's inquiry in each case was the type of evidence presented and its impact on the probable cause determination. Hence, a workable rule can be gleaned from those cases and used to evaluate newly discovered evidence in the context of extradition proceedings. Thus, a habeas petitioner must be afforded the opportunity of a rehearing when he proffers specific newly discovered explanatory evidence, previously unavailable through the exercise of reasonable diligence, and that evidence casts substantial doubt on the determination of probable cause.

■ Turning to this case, Na–Yuet's newly discovered evidence [11] consists of one witness "whose whereabouts is now known to Petitioner", as well as several other witnesses which Na–Yuet contends will explain and rebut the probable cause evidence.[12] Furthermore, Na–Yuet also avers that newly discovered documents will explain her reason for leaving Hong Kong and further rebut the showing of probable cause. This type of evidence is not impermissible in the sense that it is directed at impeaching the testimony of witnesses.[13]

Rather, the testimony of one witness, as proffered to this Court, would explain Na–Yuet's relationship with alleged accomplices and thereby account for her involvement with the ransom money. The other witnesses would testify as to the existence of business relationships with Na–Yuet which necessitated her departure from Hong Kong. Presumably, the testimony and corroborative documents would establish that travel plans had been made one year prior to Na–Yuet's departure. This evidence would therefore explain Na–Yuet's alleged "flight" from Hong Kong following the kidnap.

Although this Court does not have the benefit of a transcript of the proceedings before the Magistrate, it appears from the available record that most, if not all, the evidence presented against Na–Yuet is documentary in nature. This evidence includes sworn statements by alleged accomplices, thereby creating "healthy scepticism[sic]" regarding the probable cause determination. *Application of D'Amico*, at 930. As a whole, the proffer submitted by Na–Yuet presents more than just a tinge of evidence explaining the facts that formed the basis of the extradition order. Viewing the evidence provided by the Hong Kong authorities in light of the Na–Yuet's new claims, this Court can not conclude that ample grounds continue to exist from which to believe the petitioner guilty. Applying the rule developed herein, the Court finds the newly discovered evidence to cast substantial doubt on the sufficiency of the

---

**10.** Notably, the court's language appears to intimate that live testimony, rather than sworn statements, had been obtained from witnesses. This type of evidence lessens the scrutiny given to the "findings" because the committing judge is in a better position to evaluate the credibility of those witnesses. On the other hand, documentary evidence can be equally reviewed on appeal. Finally, the court also seemed to give some consideration to the fact that Peroff had once before sought, but was denied, habeas relief.

**11.** Petitioner's in camera proffer more fully provides the names of witnesses and refers to certain documents as well. The proffer was accompanied by a motion that it be sealed because of the "real and present fear that persons in

other countries will prevent the cooperation of said witnesses and the ability to obtain said documents." By separate order entered this date, the Court granted the motion to seal. For this reason, a detailed discussion of the newly discovered evidence is omitted herein.

**12.** With respect to these additional witnesses, petitioner is unclear as to whether they were also previously unavailable, i.e., "whereabouts *now* known" (emphasis supplied).

**13.** Only explanatory and not contradictory evidence is permissible in an extradition hearing because the accused is not on trial to determine his guilt or innocence. *Sindona v. Grant*, 461 F.Supp. 199, 204 (S.D.N.Y.1978), *aff'd* 619 F.2d 167 (2nd Cir.1980).

evidence presented at the extradition hearing to establish probable cause that Na–Yuet committed the offense. She is therefore entitled to a new hearing.

One final issue remains: whether the district court or the magistrate should conduct the new hearing. Clearly, Title 18, U.S.C. § 3184, authorizes a magistrate to hold an evidentiary hearing and issue a writ of extradition. Less clear, however, is the magistrate's authority once relief is sought in a petition for habeas corpus. In *Jhirad v. Ferrandina*, 536 F.2d 478 (2d Cir.1976), the Second Circuit noted that in such a circumstance it would be impractical and illogical to prohibit the participation of the magistrate, particularly since the magistrate is the judicial officer who is most familiar with the underlying facts of the case. *Id.* at 486. The problem lies with the language of 28 U.S.C. § 2243, which governs the issuance of a writ of habeas corpus. That section provides that the *"court shall* summarily hear and determine the facts, and dispose of the matter as law and justice require" (emphasis added). To his end, however, the Court finds that conduct of a hearing may be delegated to the magistrate, since ultimately the district judge will review the findings and recommendation of the magistrate and may hold further hearings if necessary. *Hinman v. McCarthy*, 676 F.2d 343 (9th Cir. 1982). Therefore, it is hereby

ORDERED AND ADJUDGED that the motion for rehearing is GRANTED, and this cause is REMANDED to the Honorable William Turnoff, for appropriate proceedings not inconsistent with this opinion. The Magistrate shall submit to the District Judge a report containing proposed findings of fact and recommendation for the disposition of the case. S.D.Fla.Magistrate R. 1. Such proceedings before the Magistrate will be deemed reopened and both petitioner and respondents will be permitted to present such evidence as may be proper in extradition proceedings. *Application of D'Amico*, at 931. Petitioner has stated that she does not seek reconsideration of bail. Therefore, she will remain in custody.