**Franz Karl Rudolf WERNER a/k/a Franz Karl Von Wismar, Petitioner,**

v.

**Lonnie HICKEY, United States Marshal, Respondent.**

No. 95–2112–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

April 9, 1996.

---

1258

George E. Tragos, Law Office of George E. Tragos, Clearwater, FL, for Franz Karl Rudolf Werner.

Angela F. Williams, U.S. Attorney's Office, Middle District of Florida, Orlando, FL, for Harry K. Singletary, Jr., Robert A. Butterworth and Don Moreland.

### *ORDER*

KOVACHEVICH, Chief Judge.

Before the court is a petition for writ of habeas corpus filed by Franz Karl Rudolf Werner, a/k/a Franz Karl Von Wismar. The petitioner is a citizen of the Federal Republic of Germany who is currently confined in jail in Hillsborough County, Florida pending his extradition to the Federal Republic of Germany on charges of accepting bribes/corruptibility. The petitioner seeks review of Magistrate Elizabeth A. Jenkins' finding of extraditability.

 While a magistrate's decision on extraditability is not itself appealable, review can be made through habeas corpus. *Gusikoff and Rosen v. United States,* 620 F.2d 459, 461 (5th Cir.1980); *In Re Mackin,* 668 F.2d 122 (2d Cir.1981). The scope of review on habeas corpus is extremely limited, however. The review is limited to determining

(1) whether the magistrate had jurisdiction, (2) whether the evidence showed a reasonable ground to believe the accused guilty, and (3) whether the offense charged was within the treaty. *Fernandez v. Phillips,* 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925). The petitioner in this case raises all three issues.[1]

### A. *Whether the magistrate had jurisdiction*

The procedure for extraditing an individual from the United States to a foreign country where he has been charged with committing a crime is set forth in 18 U.S.C. § 3184, which provides:

> Whenever there is a treaty or convention for extradition between the United States and any foreign government, any justice or judge of the United States, or any magistrate authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State, may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or magistrate, to the end that the evidence of criminality may be heard and considered. ... If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.

---

1. The petitioner raises nineteen claims. No authority is cited in support of many of the claims and, even where authority is cited, little or no analysis is provided.

Local Rule 6.01(c)(9), M.D.Fla., confers authority upon United States magistrate judges to issue warrants and conduct extradition proceedings pursuant to 18 U.S.C. § 3184.

The petitioner argues that Magistrate Jenkins lacked jurisdiction to determine the legality of his extradition due to the unconstitutionality of 18 U.S.C. 3184. In support of this assertion, the petitioner cites *Lobue v. Christopher*, 893 F.Supp. 65 (D.C.1995), wherein 18 U.S.C. § 3184 was declared unconstitutional as a violation of the separation of powers doctrine because it purports to confer upon members of the Executive branch the authority to review the legal conclusions of Article III federal judges and United States magistrates. That decision has been appealed.

Following its declaration that 18 U.S.C. § 3184 is unconstitutional, the court in *Lobue* granted plaintiff's motion for class certification and certified a class consisting of all persons who presently are or in the future will be under threat of extradition from the United States pursuant to 18 U.S.C. § 3181, *et seq.*, including all persons whose extradition has been or will be requested by another nation and all persons who are currently involved in extradition proceedings or in habeas corpus proceedings relating to their possible extradition. The court also enjoined the defendants from surrendering, under 18 U.S.C. § 3184, *et seq.*, the plaintiffs or any member of the plaintiff class to another nation. The court specifically stated that extradition proceedings were not enjoined; only surrender of a member of the plaintiff class to another nation. Thus, the *Lobue* injunction, by its very terms, poses no impediment to this judicial proceeding.

The United States Court of Appeals for the District of Columbia Circuit has ordered that the district court's injunction in *Lobue* be stayed with respect to all persons other than Anthony J. Lobue, Thomas Kulekowskis, and Mauricio Madero O'Brien pending further order of the court. Therefore, the injunction is not a bar to the government's surrender of the petitioner to the Federal Republic of Germany.

■ Furthermore, absent an injunctive sanction, a district court's declaration that a statute is unconstitutional does not bar the government's application of the statute pending appeal. *Carreno v. Johnson*, 899 F.Supp. 624, 628 (S.D.Fla.1995), *citing Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 155, 83 S.Ct. 554, 560, 9 L.Ed.2d 644 (1963) and *Steffel v. Thompson*, 415 U.S. 452, 470, 94 S.Ct. 1209, 1221, 39 L.Ed.2d 505 (1974).

While the language of 18 U.S.C. § 3184 does not preclude the possibility that the Executive branch will engage in an unconstitutional review of an extradition judge's decision and, as noted in *Lobue*, the Executive branch's authority under 18 U.S.C. § 3184 to review an extradition court's ruling has historically been interpreted broadly, 18 U.S.C. § 3184 appears constitutional on its face and "no binding authority exists which compels an interpretation of the statute that raises constitutional difficulties." *Carreno*, 899 F.Supp. at 632. The petitioner does not assert that 18 U.S.C. § 3184 has been applied in an unconstitutional manner in his case. Accordingly, this court is satisfied that Magistrate Jenkins had jurisdiction to determine the legality of the petitioner's extradition.

*B. Whether the evidence showed a reasonable ground to believe the accused guilty*

■ On habeas review, the court's function is not to determine the weight and sufficiency of the evidence but to determine whether competent legal evidence supports a finding of probable cause to believe the petitioner committed the acts charged. *Ludecke v. U.S. Marshal*, 15 F.3d 496, 499 (5th Cir. 1994). In this case, the petitioner is charged with accepting bribes/corruptibility. Specifically, the petitioner is charged with violating German Criminal Code ¶¶ 332(1) and 332(53) by accepting benefits in return for performing official acts as a functionary certifying applicants for motor vehicle operator's licenses. (Tab C, pp. 1–3)

■ The entire record in this case has been reviewed and is found to contain sufficient evidence to support a finding of probable cause that the petitioner accepted large sums of money in return for failing to prop-

erly perform his official duties. In support of this finding, Magistrate Jenkins' probable cause analysis, as set forth on pages 8–12 of her extradition order, is hereby adopted and incorporated as part of this order.

### C. Whether the offense charged was within the treaty

██ Two extradition treaties exist between the United States and the Federal Republic of Germany: (1) the Extradition Treaty Between the United States of America and the Federal Republic of Germany of June 20, 1978 (TIAS 9785) ("the Treaty") and (2) the Supplementary Extradition Treaty of October 21, 1986 which entered into force on March 11, 1993 ("the Supplementary Treaty"). "Offenses against the laws relating to bribery" are extraditable offenses under the Treaty. (Article 2(1)(a), Appendix 22). The Treaty also includes a catch-all provision which provides for extradition for any offense which is not listed in the Treaty but is "punishable under the Federal laws of the United States and the laws of the Federal Republic of Germany." (Article 2(1)(b)) The acts charged against the petitioner are punishable under the United States Code, 18 U.S.C. § 201(b)(2) (bribery of public officials and witnesses). Furthermore, Article 1(a) of the Supplementary Treaty amends Article 2(1) of the Treaty by expanding the definition of extraditable offenses to include offenses which are punishable under State law. The acts charged against the petitioner are punishable under Florida Statute § 838.015 (bribery) and Florida Statute § 838.016 (misuse of public office). Thus, the petitioner is charged with an extraditable offense under the applicable extradition treaties.

For the reasons set forth above, it is hereby ordered that:

(1) The petitioner's petition for writ of habeas corpus is denied.

(2) This Court's January 5, 1996, stay of extradition is hereby lifted.

(3) This order and all documents pertaining to the extradition proceedings conducted before Magistrate Jenkins, including the formal extradition documents received in evidence, shall be forwarded to the Secretary of State by the Clerk of Court.

(4) The Clerk shall close this case.

ORDERED.