Gilbert NOEL, Petitioner,

v.

**UNITED STATES of America,
Respondent.**

No. 98–326–CIV–ORL–19C.

United States District Court,
M.D. Florida,
Orlando Division.

July 6, 1998.

H. Manuel Hernandez, Law Office of H. Manuel Hernandez, Orlando, FL, for Petitioner.

A.B. Phillips, U.S. Attorney's Office, M.D. Fla., Orlando, FL, for Respondent.

### ORDER

FAWSETT, District Judge.

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. No. 1, filed March 20, 1998). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions (Doc. No. 10, filed April 14, 1998). Petitioner subsequently filed a reply to the response (Doc. No. 13, filed May 1, 1998).

Petitioner alleges four claims for relief in his habeas petition: 1) the Magistrate Judge erred in finding probable cause existed to believe that Petitioner was extraditable; 2) the extradition statute is unconstitutional; 3) pursuant to the Federal Magistrate's Act, the Magistrate Judge did not have the authority to preside over the extradition hearing; and 4) the Magistrate Judge should have granted Petitioner's motion for recusal.

### Procedural History

On September 14, 1997, the United States of America, acting on behalf of the government of the Federal Republic of Germany and pursuant to the Extradition Treaty Between the United States of America and the Federal Republic of Germany of June 20, 1978 (the "Treaty"), provisionally arrested Petitioner on an extradition warrant for the crimes of creation of criminal organizations, fraud, receiving stolen goods, commercially receiving stolen goods, gang receival of stolen goods, commercial gang receival of stolen goods, money laundering, tax evasion, and joint commission of crime, in violation of sections 129 I, 263, 259, 260 I, 260 a I, 261 I, and 25 II of the StGB (German Criminal Code), as well as section 370 of the AO (German Tax Code). (Case No. 97–1091–01, March 3, 1998 Extradition Hearing, Government's Exhibit Two, Tab One, Warrant of Arrest at 1–2, 10–12). On September 19, 1997, the Court conducted a hearing on Petitioner's request to secure bail pending extradition. Petitioner did not raise a question as to his identity during the hearing, in fact, his attorney stated as follows:

> Mr. Noel has been aware that the German government was conducting an investigation for some period of time. Aware of that, he made no effort to flee to an extradition haven. He remained here in the

**1302**

United States, openly, notoriously. He has not used any aliases. he has not used any assumed names, no false identification. He identified himself as who he is Gilbert Noel.

(Case No. 97–1091–01, Transcript of September 19, 1997, Detention Hearing at 12.)

On January 7, 1997, Magistrate Judge James G. Glazebrook commenced an extradition hearing on the merits. The Government moved three items into evidence: two binders of documents, and the declaration of Kenneth Propp. Petitioner testified, presented witnesses, and introduced tangible evidence. The Magistrate Judge determined that extradition was appropriate and subsequently entered an Extradition Certification and Order of Commitment. (Case No. 97–1091–01, Document Number 51.) Shortly thereafter the Court learned that the transcript of the hearing did not show that an oath had been administered to Petitioner prior to his testimony. During a subsequent status conference, Petitioner's counsel refused to permit Petitioner to swear that he had testified truthfully in the prior hearing. (Case No. 97–1091–01, Transcript of February 13, 1998 Status Conference at 6–8.) Thus, the extradition hearing was reset for February 19, 1998.

Petitioner moved for recusal of Magistrate Judge Glazebrook arguing that, as the trier of fact, the Magistrate Judge's prior determination created an appearance of bias which dictated recusal. (Case No. 97–1091–01, Document Number 65.) The motion was denied, and the matter proceeded on the merits.

The Government again moved the same three exhibits into evidence: the two binders, and the declaration of Kenneth Propp. Petitioner admitted eight documents into evidence: two Swiss court orders, certification of criminal records in France, a demonstrative aid, warnings regarding false statements, a map of Europe, a visual aid, and a chart titled "How Does Noel Profit?". In addition, Petitioner called one witness, attorney Andre Bouchara. Petitioner did not testify during the second extradition hearing. The Magistrate Judge then issued a Certificate of Extradition and Order of Commitment (Case No. 1091–01, Document Number 75.)

### Legal Discussion

#### 1. The Standard of Review

 Extradition of Petitioner is sought under 18 U.S.C. § 3184. Because issuance of a certification of extraditability does not constitute a final order, the decision is not reviewable by direct appeal. *Caplan v. Vokes*, 649 F.2d 1336 (9th Cir.1981). Instead, a habeas corpus petition is the proper method for obtaining review of a Magistrate Judge's extradition decision. *Castro Bobadilla v. Reno*, 826 F.Supp. 1428, 1431 (S.D.Fla.1993), *aff'd without opinion*, 28 F.3d 116 (1994). However, habeas review is extremely narrow, limited to only the following areas: (1) whether the Magistrate Judge had jurisdiction over the extradition proceedings; (2) whether the offense charged is within the treaty; and (3) whether there was any evidence warranting the finding that there was reasonable ground to believe the accused was guilty of the crimes charged. *Fernandez v. Phillips*, 268 U.S. 311, 312, 45 S.Ct. 541, 69 L.Ed. 970 (1925); *Hill v. United States*, 737 F.2d 950, 951 n. 1 (11th Cir.1984); *Castro Bobadilla*, 826 F.Supp. at 1431–32. Furthermore, the Magistrate Judge's findings of fact are subject to a clearly erroneous standard, while questions of law are governed by *de novo* review. *Id.* 826 F.Supp. at 1432.

#### 2. The Magistrate Judge's Probable Cause Determination

Petitioner first contends that the Magistrate Judge erred in finding probable cause existed to believe that Petitioner had committed the crimes alleged in the warrant. Specifically, Petitioner raises five challenges: (a) the documents did not conform to the requirements of the Treaty; (b) the documents did not satisfy the reliability, trustworthiness, and veracity requirements of American law; (c) the Brachenmacher and Bounketh statements were not sworn, under oath, or subject to a warning about false statements; (d) the documents contained mere conjecture based on extrapolation subjecting Petitioner to "guilt by association"; and (e) the Government failed to prove by competent evidence that Petitioner was the individual named in the warrant.

The first three challenges essentially center on the admissibility of various documents during the extradition hearing. The admission of evidence at such a hearing is governed by statute:

Depositions, warrants, or other papers or copies thereof offered in evidence upon the hearing of any extradition case shall be received and admitted as evidence on such hearing for all the purposes of such hearing if they shall be properly and legally authenticated so as to entitled them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consular officer of the Untied States resident in such foreign country shall· be proof that the same, so offered, are authenticated in the manner required.

18 U.S.C. § 3190. Petitioner does not contest the authentication of the documents in this case. Thus, it appears that the document tendered as exhibits by the Government during the extradition hearing were entitled, under the statute, to be received and admitted.

■ However, Petitioner contends that consideration of certain documents was precluded by the terms of the Treaty. Article 29 of the Treaty governs the admissibility of evidence, stating that "[a] warrant of arrest and depositions or other evidence, given on oath or in a manner described in article 14(5) . . . shall be admitted in evidence in the examination of the request for extradition when [properly authenticated]." (Case No. 97–1091–01, March 3, 1998 Extradition Hearing Government's Exhibit One, Attachment Two at 27.) The factual allegations of the Federal Republic of Germany's extradition request are set forth in what appears to be a statement given under oath by the German District Attorney responsible for the proceedings against Petitioner. (Case No. 97–1091–01, March 3, 1998 Extradition Hearing Government's Exhibit Two, Tab One, Declaration and Confirmation.) The summaries of hearsay statements within the District Attorney's statement do not render the statement inadmissible. *Emami v. U.S. Dist. Court for*

*N. Dist. of Cal.,* 834 F.2d 1444, 1450–52 (9th Cir.1987).[1] In addition, Petitioner's contention that the other statements (i.e., Brachenmacher and Bounketh) must be sworn or under oath to be admissible is also without merit. Petitioner misconstrues the meaning of Article 14(5) of the Treaty. This provision merely expands the scope of admissible competent evidence and does not restrict the evidence to include only sworn or warned statements, as urged by Petitioner. *Id.* 834 F.2d at 1451–52; *see also Zanazanian v. United States,* 729 F.2d 624, 626–28 (9th Cir.1984) (unsworn police reports which summarize witness statements are competent evidence in extradition proceedings). Thus, Petitioner's first three challenges are without merit.

■ Petitioner next argues that the evidence contains mere conjecture and amounts to nothing more than "guilt by association." This contention attacks the Magistrate Judge's probable cause finding. This Court's review of the Magistrate Judge's determination of probable cause is limited to "whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Quinn v. Robinson,* 783 F.2d 776, 790 (citing *Fernandez v. Phillips,* 268 U.S. 311, 312, 45 S.Ct. 541, 69 L.Ed. 970 (1925)), *cert. denied,* 479 U.S. 882, 107 S.Ct. 271, 93 L.Ed.2d 247 (1986). The credibility and weight to be accorded evidence are exclusively within the discretion of the Magistrate Judge and are not reviewable in habeas corpus proceedings. *United States v. Wiebe,* 733 F.2d 549, 553 (8th Cir.1984); *Garcia–Guillern v. United States,* 450 F.2d 1189, 1192 (5th Cir.1971), *cert. denied,* 405 U.S. 989, 92 S.Ct. 1251, 31 L.Ed.2d 455 (1972).

■ Although the reliability issues presented by Petitioner may create reasonable doubt as to his guilt, that is not the issue before this Court. At this stage, it is only necessary to determine whether there exists "any evidence of probable cause." The Government presented evidence that Petitioner participated in a scheme to defraud the Ger-

---

1. The *Emami* case involved a German request for extradition of an Iranian citizen found in California. The extradition was governed by the same extradition Treaty which is at issue in the instant case.

man tax authorities, creating companies to achieve such purpose and causing false invoices to be issued. In addition, Petitioner aided and abetted co-conspirators in the falsification of microprocessors. Through a Swiss bank account and corporate accounts, Petitioner also laundered monies which were received as proceeds from the tax and microprocessor frauds. (Case No. 97–1091–01, March 3, 1998 Extradition Hearing at 123–30.) Despite the issues raised by Petitioner, the government of Germany has presented sufficient evidence to support a finding of probable cause; thus, this challenge must fail.

■ Finally, Petitioner challenges his identification as the individual sought by the German authorities. As set forth above, this Court must review the Magistrate Judge's finding of facts based on a clearly erroneous standard. In the extradition order, the Magistrate Judge specifically found that Petitioner was the individual sought. This Court does not find any error in such finding. Information concerning Petitioner's birthday, nationality, and appearance (via a photograph) convince this Court that Petitioner has not been erroneously identified. Petitioner cannot prevail on this argument.

### 3. The Extradition Statute Is Constitutional

■ Under 18 U.S.C. § 3184, a Magistrate Judge may conduct a hearing to determine whether sufficient evidence exists to sustain criminal charges covered by a valid treaty and, if so, the Magistrate Judge then certifies to the Secretary of State that the individual is extraditable:

> Whenever there is a treaty or convention for extradition between the United States and any foreign government ... any justice or judge of the United States, or any magistrate authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State, may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for

by such treaty or convention ... issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or magistrate, to the end that the evidence of criminality may be heard and considered.... If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention ... he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.

18 U.S.C. § 3184. Following the Magistrate Judge's certification, the Secretary of State "may order" the detainee "to be delivered to any authorized agent of such foreign government, to be tried for the offense of which charged." 18 U.S.C. § 3186.[2]

Arguing that the Magistrate Judge's participation in the extradition process violates the separation of powers tenet, Petitioner challenges the constitutionality of the extradition statute. Petitioner specifically alleges that "the decision of the extradition judge is not a final decision. It is a non-judicial and non-final decision subject to the review of the Secretary [of] State, but it is rendered by a judge acting in his judicial capacity." (Doc. No. 1 at 14.) (Emphasis in original.) Citing Lobue v. Christopher, 893 F.Supp. 65 (D.D.C. 1995), vacated, 82 F.3d 1081 (D.C.Cir.1996), Petitioner concludes that "the executive's unconstitutional review of judicial decisions and its infringement of what is supposed to be an impartial and independent judiciary" constitutes a violation of the separation of powers doctrine. Id. at 15.

Although the Eleventh Circuit Court of Appeals has not addressed the constitutionality of the extradition statutes, several other federal appellate courts have determined that the extradition process prescribed in 18 U.S.C. § 3184 meets constitutional muster.

---

**2.** Local Rule 6.01(c)(9) of the Local Rules, United States District Court, Middle District of Florida, confers on Magistrate Judges the authority to issue warrants and conduct extradition proceedings pursuant to 18 U.S.C. § 3184.

See Lopez–Smith v. Hood, 121 F.3d 1322, 1327 (9th Cir.1997) ("[T]he extradition statutes do not violate separation of powers doctrine."); LoDuca v. United States, 93 F.3d 1100, 1103–11 (2nd Cir.) (extradition statute did not violate separation of powers doctrine in requiring judges to conduct non–Article III extradition proceedings), cert. denied, —— U.S. ——, 117 S.Ct. 508, 136 L.Ed.2d 399 (1996). In addition, the majority of the federal district courts considering the issue have similarly concluded that the extradition process does not run afoul of constitutional principles. In the Matter of Extradition of Lehming, 951 F.Supp. 505, 508–09 (D.Del. 1996) (the extradition statutes are constitutional and do not violate the separation of powers mandated by the United States Constitution); Sandhu v. Bransom, 932 F.Supp. 822, 826 (N.D.Tex.1996) (the extradition statute does not violate the principle of separation of powers and is not unconstitutional); Werner v. Hickey, 920 F.Supp. 1257, 1259 (M.D.Fla.1996) ("18 U.S.C. 3184 appears constitutional on its face and no binding authority exists which compels an interpretation of the statute that raises constitutional difficulties.") (quotation omitted); Manrique Carreno v. Johnson, 899 F.Supp. 624, 630 (S.D.Fla. 1995) ("[T]he Court finds no support in the language of the statute itself for the proposition that the statute confers an impermissible power of review upon the Secretary of State."). This Court finds no authority or reason to depart for the reasoned decisions of the majority of federal courts considering this issue.

The United States Supreme Court has consistently decreed that in reviewing statutes, the courts must, when possible, adhere to interpretations that avoid constitutional difficulties. Frisby v. Schultz, 487 U.S. 474, 483, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988). Under this principle of statutory construction, the Court concludes that the text of 18 U.S.C. § 3184 is not unconstitutional on its face. The extradition process merely contemplates a process whereby the magistrate judge conducts an independent review delegated to the judiciary by the Executive

Branch and defined by statute. See Martin v. Warden, Atlanta Pen, 993 F.2d 824, 828–29 (11th Cir.1993). Thus, the statute does not suffer from any constitutional infirmity.[3]

### 4. The Magistrate Judge Had The Authority To Preside Over The Extradition Hearing

■ According to Petitioner, the Federal Magistrates Act (the "Act"), 28 U.S.C. § 631, et seq., does not authorize Magistrate Judges to preside over extradition hearing. Thus, Petitioner continues, the extradition statute's provision permitting extradition hearings to be conducted by "any magistrate authorized so to do by a court of the United States", 18 U.S.C. § 3184, conflicts with the Act. Based upon this conflict, Petitioner argues that Magistrate Judge Glazebrook did not have the authority to conduct the extradition proceedings.

Petitioner's argument is fatally flawed. Magistrate Judge Glazebrook did not rely on the Act for authority to preside over the extradition hearing. Rather, the extradition statute, in conjunction with Local Rule 6.01(c)(9), provides an independent source of authority. LoDuca, 93 F.3d at 1109. This authority is not inconsistent with the Magistrate Judge's powers derived under the Act. Section 636(a) of the Act confers on the magistrates "all powers and duties conferred or imposed upon United States commissioners." 28 U.S.C. § 636(a). Prior to the Act, extradition proceedings were conducted by commissioners. See Pub.L. No. 90–578, § 301(a), 82 Stat. 1108 (1968) (substituting "magistrate" for "commissioner" in section 3184). Thus, the specific grant of authority found in the extradition statute is consistent with the powers historically exercised by the Magistrate Judge and derived from the Act. Consequently, this claim must fail.

### 5. Recusal Of Magistrate Judge Glazebrook Was Not Warranted

Petitioner next argues that Magistrate Judge Glazebrook erred in denying Petitioner's motion for recusal pursuant to 28 U.S.C. § 455.[4] According to Petitioner, as the ulti-

---

3. Petitioner does not argue that the extradition statutes have been unconstitutionally applied in his case. Moreover, a review of the record reveals that any such claim would not have merit.

4. The criterion for recusal under 28 U.S.C. § 455 states in part.
 (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any

mate trier of fact Magistrate Judge Glazebrook could not fairly and impartially preside over the second extradition hearing since he had already rendered a decision on Germany's extradition request. Petitioner initially raised this issue during the February 13, 1998, status conference and renewed the request by written motion. (Transcript of February 13, 1998 Status Conference at 10; Case No. 97–1091–01, Doc. No. 65.) The Magistrate Judge denied Petitioner's recusal motion. *Id.*

 Only personal bias, not judicial bias, is sufficient to justify recusal of a judge. *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir.1988). Moreover, the bias must " 'stem from personal, extrajudicial sources' unless 'pervasive bias and prejudice is shown by otherwise judicial conduct.' " *First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc.,* 825 F.2d 1475, 1487 (11th Cir.1987) (citation omitted), *cert. denied,* 484 U.S. 1060, 108 S.Ct. 1015, 98 L.Ed.2d 980 (1988). Petitioner has failed to present any evidence of a personal, pervasive bias or prejudice demonstrated by Magistrate Judge Glazebrook towards Petitioner. In fact, the only allegation set forth by Petitioner is "that, as the ultimate trier of fact, the Magistrate–Judge had already rendered a decision on the German's extradition request, and could not fairly and impartially decide the same issue at the new hearing." (Doc. No. 1 at 17.) However, a judge's knowledge gleaned from the judicial proceedings does not constitute "personal, pervasive bias or prejudice" and will not generally support a request for recusal. *See McWhorter v. City of Birmingham,* 906 F.2d 674, 678 (11th Cir.1990) ("The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case ."); *Loranger v. Stierheim,* 10 F.3d 776, 780 (11th Cir.1994) ("[A]s a general rule, a judge's rulings in the same case are not valid grounds for recusal.").

Since Petitioner failed to satisfy the requirements of 28 U.S.C. § 455, the Magistrate Judge correctly determined that recusal was not warranted in this case. Thus, Petitioner's final claim also must fail.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The United States' Motion to Strike (Doc. No. 13, filed May 11, 1998) is **DENIED.**

2. Petitioner's Emergency Motion Requesting Extension of Stay (Doc. No. 20, filed July 2, 1998) is **GRANTED.** Petitioner's stay of extradition shall be extended **THIRTY (30) DAYS** from the date of this Order to permit Petitioner to pursue his appeal rights and seek a further stay from the appellate court.

3. The Petition for Writ of Habeas Corpus filed by Gilbert Noel is **DENIED,** and this case is **DISMISSED WITH PREJUDICE.** The Clerk of the Court shall enter judgment accordingly.

4. The Clerk of the Court is directed to close this case.

---

proceeding in which his impartiality might reasonably be questioned.
(b)(1) He shall also disqualify himself ... [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.
28 U.S.C. § 455(a), (b)(1).