**UNITED STATES of America**

**v.**

**Frantisek PETERKA**

**No. 8:03–M–263–T–MAP.**

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 19, 2003.

William F. Jung, Jung & Sisco, P.A., Tampa, FL, for Defendant.

## ORDER

JENKINS, United States Magistrate Judge.

THIS MATTER is before the court on a request from the government of the Czech Republic for the extradition of Frantisek Peterka (hereafter, "Defendant") pursuant to the Extradition Treaty between the United States of America and Czechoslovakia signed on July 2, 1925, and entered into force on March 29, 1926, and the Supplementary Treaty signed on April 29, 1935, and entered into force on August 28, 1935, (hereafter collectively, "the Czech Treaty").[1]

On July 7, 2003, the Government filed a Complaint for extradition (Dkt. 1) under 18 U.S.C. § 3184 and the Czech Treaty. Thereafter, on July 21, 2003, the Defendant was arrested on a provisional warrant for arrest and detained after unsuccessfully moving for bond. A final extradition hearing was held on September 16, 2003.

No issue is presented as to identity or whether the fraud charge is an extraditable offense under the Czech Treaty. The Defendant challenges his extradition to the Czech Republic on the grounds that: (1) the documents and exhibits in support of extradition on the fraud charge are not properly authenticated pursuant to 18 U.S.C. § 3190; (2) the evidence supporting the fraud charge is insufficient to establish probable cause; (3) the dual criminality requirement has not been met; and (4) the absence of sworn statements supporting the fraud charge violates the Czech Treaty which requires such evidence as a prerequisite to extradition. The Government has responded to these arguments. Prior to the hearing, both sides filed memoranda of law.[2]

After considering the pertinent authorities, the arguments and evidence submitted by the parties, and otherwise being fully advised, this court concludes that the extradition request must be denied as the evidence, assuming arguendo it is properly authenticated and competent to meet the Czech Treaty requirements, does not establish probable cause to believe that the Defendant committed the offense of fraud under section 250 of the Czech Criminal Code.[3] Alternatively, even if sufficient, the evidence does not meet the dual criminality standard required by the Czech Treaty.

---

1. Although the former Czechoslovakia is now the Czech Republic, the Czech Treaty is still applicable to the successor state of the Czech Republic. *In Matter of Extradition of Platko*, 213 F.Supp.2d 1229, 1232–33 (S.D.Cal.2002); *see also In Matter of Extradition of Pineda Lara*, Case No. 97–Cr.–Misc.–1 (THK), 1998 WL 67656, at *1 (S.D.N.Y. Feb. 18, 1998).

2. Only the argument challenging authenticity was raised for the first time at the extradition hearing. The other issues were raised in connection with a prior request for release on bond.

3. 18 U.S.C. § 3190 requires that documents submitted in support of an extradition request be properly authenticated. The Certificate accompanying the Extradition Documents signed by the Consul General of the United States at Prague, Czech Republic refers only to the tax charges pending against the Defendant; it does not mention the fraud charge. Based on this omission, the Defendant contends that the pertinent documents have not been properly authenticated.

### Evidence Filed in Support of Extradition Request

While filing a complaint seeking to extradite the Defendant for tax evasion as well as fraud, the Government now concedes that tax evasion is not an extraditable offense under the Czech Treaty.

It is undisputed, however, that the Defendant may be extradited on the fraud charge under ¶ 18 of Article II of the Czech Treaty. Accordingly, the court will focus its discussion to the facts and issues regarding the fraud charge.

Of the voluminous materials submitted in support of the extradition request (hereafter, "Extradition Documents"), the vast majority address the unrelated tax evasion charges; only three pages comprising two separate documents support the fraud charge. (Extradition Documents, unnumbered pages 9–11)

The Defendant is the subject of a Warrant of Arrest issued on February 11, 2002, by Ladislava Chladkova, Chairperson of the Senate of the District Court in Usti nad Labem in the Czech Republic. The Warrant of Arrest charges that the Defendant, presently residing in the United States, is a citizen of the Czech Republic, and the only executive of the trading company Agron Technik, a limited liability company registered in the District of Chomutov, the Czech Republic. (Extradition Documents, unnumbered page 1–2)

The only extraditable charge listed in the warrant is that of "embezzlement under section 250, subs. 1, subs. 4 of the Criminal Code." The Warrant of Arrest states that "[o]n 18th December 1998 the above-named Peterka beguiled an amount of CZK 400,000.00 from out of Vasyl [sic] Polyetayev, born on 19th April 1957, for the purchase of some material, but he neither supplied Polyetayev with the promised material, nor paid the money back." (Id.) [4]

The Warrant of Arrest further recites that the Defendant is presently residing in New Port Richey, Florida, has refused to appear in court in the Czech Republic to be interrogated on the accusation, and accordingly, a warrant of arrest has been issued as "...the interrogation of the accused is the necessary condition for the successful completion of the investigation and due to the accused person's evading criminal prosecution..." (Id.)

The two documents which support the fraud charge are: (1) the statement from Vasil Polyetayev, furnished to the District Prosecuting Attorney's Office in Chomutov on November 23, 2000; and (2) a photocopy of a payment order from the Komercni Banka a.s., Chomutov Branch, dated December 18, 1998, from a payer listed as "V. Polyetayev" by order on behalf of Agron Technik S.R.O. to a beneficiary described as Sprin Car Corporation, Treasure Island, Florida, whose bank is Am South Bank, South Pasadena, Florida.[5] (Id. at unnumbered page 11)

A document captioned Notification of Accusation dated July 3, 2001, indicates

---

4. The Defendant has not suggested that any variance between the reference to embezzlement in the Warrant of Arrest and fraud in the other documents is material. Section 250 of the Czech Criminal Code is labeled "Fraud." (Extradition Documents, unnumbered page 2)

5. The amount of funds involved is stated as 12,084.800.00 equiv. in CZK; above that notation is the number 30,212 which may be the U.S. dollar equivalent according to the abbreviations on the form.

that the basis for the "Fraud/Embezzlement" charge is that the Defendant obtained "an amount of CZK 400,000 from Vasyl [sic] Polyetayev . . . for the purchase of material. Although the amount was claimed back several times, he neither supplied Polyetayev with the promised material, nor paid the money back. Thus he misled the provider of the financial fund and caused him damage amounting to CZK approx. 12,000,000.000 (TwelveMillionCzechCrowns)." This document was apparently issued on behalf of the Police of the Czech Republic and delivered to the Regional Prosecuting Attorney's Office on August 20, 2001. (*Id.* at unnumbered pages 6–7)

As for Mr. Polyetayev's statement, it was written at the District Prosecuting Attorney's Office in Chomutov, on November 23, 2000. Among other matters, this document indicates that prior to giving his statement, Mr. Polyetayev was "properly instructed about a possibility of being prosecuted if he did not give his statement to all circumstances of the matter or if he gave false facts about circumstance and persons." His statement reads in pertinent part:

I want to lodge a complaint against Frantisek Peterka, resident at Mostecka 1174, Chomutov, whose date of birth is not known to me. In the past we carried on business together and on 18th February I lent him an amount of CZK 400 000.00 dollars by means of Komercni banka in Chomutov, from my bank account. Frantisek Peterka promised to return the goods he had purchased for that amount. He obtained the money from me as advance payment for components of petrol stations. I have not seen either components or money so far. I have made a claim several times and asked him to return the money, either personally or over the phone. At present I am informed about his living in Florida, although his permanent place of residence is in Chomutov. In September of this year I spoke with his wife Jitka Peterkova in Chomutov and she reacted by sending a message to me saying that her husband would be back from Florida in approx. two months and that he would bring the money with him, which did not happen.

Therefore I suspect that the above-named person has committed a fraudulent act and that he intends neither to give back the borrowed money, not the goods. I submit the photocopy of the Payment Order issued by Komercni Banka, which enabled the above-named Frantisek Peterka to borrow money from me. Further I would like to inform you that in the summer of 1988 I lent a car to Frantisek Peterka. It was not my own car, but a car belonging to the company Agron Technik Chomutov. He was using this car until the month of November 1998, when he sold this car without my consent. He had no right to sell this vehicle; he was not allowed to do that, as it was our joint property. It was Mercedes 350, Plate no. LND 80—80. I only know that he sold the vehicle to a man called Jirka, who is living in Chomutov and is said to be an owner of a bazaar selling used cars. I do not know where he is living and working now. The car was sold in Louny; there are records about this transaction with the Licensing Authorities in Louny.

I also want to give the names of persons who can confirm the above-mentioned facts. This is the Chomutov Mayor, Alexandr Novak, and Vaclav Simek, age 42, living in Chomutov. I do not know any other details about the above-named person.

(*Id.* at unnumbered page 9–10)

### Applicable Law

██ "An extradition treaty creates in a foreign government the right to demand

and obtain extradition of an accused criminal." *In the Matter of the Extradition of Lehming*, 951 F.Supp. 505, 508 (D.Del. 1996) (citations omitted).

■ The court must determine whether the evidence provided by the Czech Republic in support of its application for extradition is "sufficient to sustain the charge under the provisions of the proper treaty or convention." *United States v. Fernandez–Morris*, 99 F.Supp.2d 1358, 1360–61 (S.D.Fla.1999) (citation omitted). To extradite the Defendant, the requesting authority must prove:

(1) criminal charges pending in another state;

(2) the charges must be included in the treaty as extraditable offenses; and (3) there must be probable cause to believe that a crime was committed and that the persons before the Court committed it.

*Id.* The standard of proof for extradition is probable cause. *See Yapp v. Reno*, 26 F.3d 1562, 1564 (11th Cir.1994). "Probable cause is established when the evidence presented supports a reasonable belief that a fugitive committed the charged offenses." *Lehming*, 951 F.Supp. at 514 (citation omitted). Conclusory statements do not satisfy the probable cause standard for extradition. *Fernandez–Morris*, 99 F.Supp.2d at 1365 (citation omitted).

■ Although hearsay and other excludable evidence may be admissible at an extradition hearing, extraditees may only introduce evidence to explain rather than contradict the evidence presented by the Government, and the court shall exclude

evidence that is proffered to contradict testimony, challenge the credibility of witnesses, or establish a defense to the crimes alleged. *Fernandez–Morris*, 99 F.Supp.2d at 1361 (citation omitted); *Lehming*, 951 F.Supp. at 514 (citations omitted).

In addition, courts have determined that extradition under the Czech Treaty also requires that the doctrine of dual criminality be satisfied, e.g., that the conduct charged is a crime in both the requesting and the requested nations. *In Matter of Extradition of Lukes*, No. 2:02–MC–23–FTM (M.D.Fla. May 8, 2003) (citing *Platko*, 213 F.Supp.2d at 1236).[6] Specifically, Article I of the Czech Treaty provides that a fugitive may be extradited if there is "such evidence of criminality, as according to the laws of the place where the fugitive or person so charged shall be found, would justify his apprehension and commitment for trial if the crime or offense had been there committed." 44 Stat. 2367.

■ "Dual criminality is 'an essential element of the government's burden of proof to establish a basis for extradition.'" *Platko*, 213 F.Supp.2d at 1236 (citations omitted). This element is met as long as the act charged constitutes a crime in the United States. *Lehming*, 951 F.Supp. at 512.[7] The Government has pointed to the federal criminal offense of wire fraud criminal as a comparable crime for dual criminality purposes.

**Probable Cause**

Section 250 of the Czech Criminal Code defines fraud as follows:

(1) [w]hoever enriches himself or another to the detriment of another person's

---

**6.** The Defendant filed a copy of the *Lukes* opinion on September 5, 2003, in support of his Memorandum Concerning Extradition.

**7.** The acts may be considered criminal under federal or state law. *See Platko*, 213 F.Supp.2d at 1236 (citations omitted).

property by misleading another person, or by taking advantage of another person's mistake, or by withholding substantial facts, and thereby causing damage to another person's property which is not negligible, shall be punished by a term of imprisonment of up to two years, prohibition of a specific activity, a pecuniary penalty or forfeiture of a (specific) thing.

. . .

■ Mr. Polyetayev states that he loaned the Defendant funds on "February 18th" to purchase certain property and that the Defendant had neither returned the property nor the funds despite several requests to do so. Although the year of the loan is not identified in the statement, the most plausible construction of the evidence is that the loan was made the same year as the statement: in the year 2000. The statement does not refer to the terms of the loan other than it was intended to be used to purchase components for petrol stations. Nor does Mr. Polyetayev identify any misleading misrepresentations or omissions made by the Defendant in connection with obtaining the funds. Mr. Polyetayev's stated suspicion that the Defendant committed fraud and was not going to return the property or purchased goods has little probative value without supporting facts.

What other facts can be gleaned from the statement are these: the Defendant was in Florida during at least part of 2000, and his wife told Mr. Polyetayev that he would be returning from Florida in two months and would bring the money with him. That did not occur, according to Mr. Polyetayev.[8]

Nor does the copy of a wire transfer document provide sufficient indicia of intent for probable cause purposes. The wire transfer is allegedly from Mr. Polyetayev to Sprin Car Corporation in the amount of 12,084,800.00 CZK.[9] However, it is dated December 18, 1998. At the extradition hearing, the Government was unable to explain how a wire transfer which predated the loan by a significant period of time could be probative of fraud.

Equally mystifying is the assertion in the Warrant of Arrest that the Defendant committed this offense on December 18, 1998, when the statement of Mr. Polyetayev indicates that the loan was made on February 28, 2000.

Section 250 of the Czech Criminal Code does not criminalize mere retention of property; it requires that the "enrichment" be accomplished by "misleading" or "taking advantage of another's mistake" or "by withholding substantial facts." The evidence falls short of establishing probable cause for the requisite culpable conduct required to violate section 250. On this basis alone, the extradition request is inad-

---

**8.** Mr. Polyetayev's statement also refers to the Defendant's retention of sales proceeds for a motor vehicle provided to him by Mr. Polyetayev which belonged to the company Agron Technik. This allegedly occurred in November 1998. Not even the Government argues that this incident provides probable cause of fraudulent intent with regard to the subsequent loan. In any event, the Warrant of Arrest states that the Defendant is the only executive of that company. As such, this transaction adds nothing to the fraud charge.

**9.** The Defendant filed an affidavit from a Czech translator disputing that the signature is that of Mr. Polyetayev and challenging the accuracy of the translation of the signature in the Extradition Documents. For the purposes of this analysis, however, the court assumes that the wire transfer document was sent by Mr. Polyetayev.

equate.[10]

### Dual Criminality

 . Under the Czech Treaty, a requirement of dual criminality is imposed. When asked at the extradition hearing to cite a comparable provision of criminal law for which the Defendant could be prosecuted in this country, the Government cited the federal wire fraud statute.

18 U.S.C. § 1343, provides in pertinent part:

> [w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both....

The arguments offered in support of dual criminality are also unpersuasive.

The only evidence of use of wire communication is the wire transfer document dated December 18, 1998. For the reasons cited above, this document pre-dated the loan by some fourteen (14) months; therefore it could not have been used to facilitate the scheme to defraud.

 Additionally, the evidence of fraudulent intent or a scheme and artifice to defraud is lacking. To prove criminal fraud, there must be a specific intent to defraud. *Fernandez–Morris,* 99 F.Supp.2d at 1369 (citing *United States v. Brown,* 79 F.3d 1550, 1556 (11th Cir.1996)). In the United States, unethical business conduct does not rise to the level of criminally fraudulent behavior. *Fernandez–Morris,* 99 F.Supp.2d at 1369 (citation omitted). There must be a plan to deceive in order to establish fraud. *Id.* (citation omitted).

### Conclusion

The requesting authority having failed to present sufficient evidence of probable cause to believe that the Defendant com-

10. Article XI of the Czech Treaty provides:
> [i]f, however, the fugitive is merely charged with crime, a duly authenticated copy of the warrant of arrest in the country where the crime was committed, and of the depositions upon which such warrant may have been issued, shall be produced, with such other evidence or proof as may be deemed competent in the case.

Although the court finds it unnecessary to determine whether the Czech Treaty requires that statements supporting the arrest warrant be sworn, the court has some misgivings about one holding in *Platko,* 213 F.Supp.2d at 1238–39. In *Platko,* the court interpreted the Czech Treaty's reference to depositions in Article XI as requiring that statements offered in support of the warrant be made under oath. *Id.* at 1238. The court reasoned that the reference to depositions is commonly used to denote a statement that is made under oath. *Id.*

However, Article XI specifically provides for the production of "other evidence or proof as may be deemed competent in the case." Arguably, a statement made to an investigator after the witness has been warned of the penal consequences of making a false statement is competent evidence. *See also* 28 U.S.C. § 1746 (an unsworn declaration under penalty of perjury has the same effect as an affidavit or sworn statement).

Other courts interpreting similar provisions in different treaties have concluded that unsworn statements satisfy the treaty and to hold otherwise would defeat the intent of the treaty, especially in light of the familiar rule that treaties should be liberally construed. *See Noel v. United States,* 12 F.Supp.2d 1300, 1303 (M.D.Fla.1998), *aff'd,* 180 F.3d 274 (11th Cir.1999); *Escobedo v. United States,* 623 F.2d 1098, 1103–04 (5th Cir.1980).

mitted the offense of fraud under section 250 of the Czech Criminal Code or the requirement of dual criminality, it is **OR-DERED** that the request for issuance of a Certificate of Extradition to the Secretary of State recommending that the Defendant be extradited to the Czech Republic on the charge of fraud is **DENIED.** The U.S. Marshal is directed to release the Defendant from custody but to retain his passport until further order of the court.